MATTER OF HASSAN

In Visa Petition Proceedings

A-12453369

*Decided by Board May 14, 1965*

Since the beneficiary, a native and citizen of Jordan, through a duly executed power of attorney designating his brother in Jordan as his proxy, obtained, under Jordanian-Moslem law, in the Sharia Court in Jordan on May 6, 1962, a valid decree of divorce from his first wife, a resident of Jordan, his subsequent marriage on July 16, 1962, to a native of Puerto Rico and citizen of the United States is a valid marriage and serves to confer nonquota status.

The case comes forward on appeal from the order of the District Director, San Juan District, dated March 19, 1965 denying the visa petition for the reason that the petitioner has failed to establish that the beneficiary has obtained a divorce from his first wife in Jordan: the document submitted as his divorce decree did not indicate that the beneficiary's first wife was ever advised of the divorce action and no evidence has been presented that she has ever been so advised; under Jordanian law, it is necessary that the wife be advised of the divorce action before such divorce can become final; the petitioner's marriage certificate indicates that the beneficiary then claimed never to have been previously married, which was a misrepresentation of a material fact.

The petitioner, a native of Puerto Rico and a citizen of the United States, 25 years old, female, seeks nonquota status on behalf of the beneficiary as her husband. The beneficiary is a native and citizen of Jordan, 37 years old. The parties were married on June 16, 1962 at Arecibo, Puerto Rico.

The application for the marriage license shows the husband's name as Ouman Said Hamdan, the son of Otman Said and Arifi Hamdan, not previously married. The visa petition indicates that the beneficiary was married once previously.

As evidence of the termination of the beneficiary's first marriage there was presented a document issued by the Sharia Court, Nablus,

Jordan which stated there appeared in person Irsan Ben Said Hamdan on behalf of his brother, the beneficiary, as per duly executed power of attorney who declared that in accordance with the official power of attorney he divorced with the first instance Rasmieh, the daughter of Mousa Mahmoud, the legal wife of the beneficiary, and requests that this be registered and confirmed to her, she being absent. His declaration was supported by two witnesses and accordingly his act was duly confirmed by the judge of the Sharia Court who notified Irsan that he has made in behalf of his brother, Othman, the act of divorce, with first instance, of his wife Rasmieh, and that his brother, Othman, is at liberty to call on her during the official period by word· or deed, provided that he should register same at the Sharia Court, and in case he does not appear during the period, she is considered automatically divorced from him as from this date: 6.5.62.

In connection with the appeal the petitioner submitted a bill of complaint for divorce on the ground of separation in the Superior Court of Puerto Rico at Caguas reciting that because of doubt as to the validity of the judgment of divorce at Nablus, Jordan on June 5, 1952 (sic), due to the fact that it is not evident from said judgment that said defendant was duly served at the time of the petition therefor or of the judgment entered, also due to the fact that neither is it evident from said judgment that same was final and conclusive praying for divorce on the ground of continuous and uninterrupted separation for more than three years. This complaint for divorce is dated April 1, 1965.

In further connection with the appeal counsel for the petitioner has submitted a communication dated April 23, 1965 inclosing photo copies of·the completion certificates that have been received from Jordan showing that the first wife of the beneficiary was duly notified of the divorce proceedings against her; also showing that the divorce decree became final upon her appearance subsequent to the judgment and the "test period". The translation of the Arabic document refers to a revocable divorce certificate dated 6.5.1962 showing that it was served on the first wife, Rasmiyya Musa Mahmoud on 13.5.1962. There was also a notice of judgment given in the presence of both parties, the plaintiff being named as Rasmiyya Musa Mahmoud and the beneficiary, Ersan Said Hamdan (the proxy), regarding the subject of alimony issued by the Sharia Court, Nablus, Jordan, declaring that the plaintiff has applied.for alimony from the respondent as the representative to his brother who divorced her revocably according to the divorce certificate given by the court on 6.5.1962; and since he did not return her to him, and since

the respondent has carried the divorce according to his power of attorney which was given to him by her previous husband and since he has given a declaration before the Magistrate of Nablus to support her during his brother's absence in America, etc., therefore, and since revocable divorce does not cancel marriage definitely during the test period in which wife may return to her husband in word or indeed, and since alimony during test period is regarded as ordinary wife alimony the judge of the Sharia Court decides in accordance with Article 62 of Family Rights Law an amount of fifteen Dinars representing alimony during the whole period and covering all her requirements which she may legally require starting from the date of the divorce till the termination of that period. The judgment is dated 12.6.1962.

The communication from counsel also indicates that the beneficiary is proceeding with his action for divorce in the Puerto Rican court and requests that the beneficiary should be given every opportunity to clarify the matter by (1) in the event such evidence is obtained as will leave no doubt as to the validity of the divorce from the first wife, the case should either be remanded to the District Director at San Juan, Puerto Rico or an extension should be granted during which to clarify this matter; or (2) if the beneficiary is for any reason unable to obtain such clarification, he should be granted an extension in order to bring to a successful termination the divorce proceeding in Puerto Rico for which his presence as a witness in his own behalf will be necessary.

The date of the judgment of divorce rendered by the Sharia Court at Nablus, Jordan is indicated as 6.5.1962. It has been confirmed that this is the usual continental European manner of writing the date and is equivalent to May 6, 1962, rather than June 5, 1962. The document submitted by counsel indicates that the wife, Rasmiyya, was served on May 13, 1962 and she obtained a judgment for alimony from the Sharia Court at Nablus, Jordan on June 12, 1962.

Jordanian Law No. 92 of 1951 on Family Rights is set forth in Appendix A of *Matter of Awadalla*, Int. Dec. No. 1348. Jordanian-Moslem law as it relates to divorce is summarized in *Matter of M—*, 7 I. & N. Dec. 556, in which it is set forth that a divorce is effected by means of repudiations of the wife by the husband. The modes of accomplishing the required repudiations are various: by a single pronouncement of repudiation which is revocable within three months by express words or conduct; by three successive pronouncements during three successive periods, with the marriage finally being dissolved on the third repudiation; by three successive pronouncements of repudiation made on a single occasion, probably

before witnesses; or by a single irrevocable declaration in writing (bill of divorce) which is final immediately, but must be communicated to the wife.

In the instant case the judgment of May 6, 1962, made by a single pronouncement, was a revocable divorce and did not cancel the marriage definitely during the test or idda period of three months thereafter. The beneficiary was represented by his brother with a duly executed power of attorney and this type of proxy divorce constitutes a valid divorce in Jordan. The divorce decree of the Sharia Court at Nablus, Jordan was served on the wife on May 13, 1962 and thereafter she obtained a judgment for alimony against the proxy of her former husband on June 12, 1962. There is no indication that the beneficiary returned to his first wife during the revocable period, that is, during the idda period of three months. The divorce, therefore, became final as of May 6, 1962.

The evidence establishes that the beneficiary, through a duly executed power of attorney designating his brother as his proxy, obtained a valid divorce decree under Jordanian-Moslem law. Under ordinary rules of international comity, the divorce should be recognized unless there are strong reasons of public policy in the forum where the subsequent marriage was celebrated. No such policy has been shown to exist.[1] It is not known why the beneficiary represented that he did not have any previous marriages when he married the petitioner on June 16, 1962 at Arecibo, Puerto Rico. However, according to the evidence of record, the beneficiary properly and legally terminated his prior marriage by a decree of divorce obtained in the Sharia Court in Jordan on May 6, 1962. The present marriage of the petitioner and the beneficiary appears to be valid. The petition will be approved.

**ORDER:** It is ordered that the visa petition be approved for nonquota status on behalf of the beneficiary.

---

[1] See *Matter of Awadalla*, Int. Dec. No. 1348.